

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

Overruled by M1129 500 where conflicts

January 25, 1972

Honorable Hugh C. Yantis, Jr.
Executive Director
Texas Water Quality Board
P.O. Box 13246
Capitol Station
Austin, Texas  78711

Opinion No. M-1049

Re: Whether a county has
authority to plan, con-
struct, operate and main-
tain an area or regional
waste water collection
system and to perform
water quality management
function, alone or in con-
junction with or under
contract with one or more
political subdivisions.

Dear Mr. Yantis:

Your recent letter requests our opinion with regard
to the following question:

"Does a county, under the existing law,
have authority to plan, construct, operate
and maintain an area or regional waste water
collection and treatment system and to per-
form water quality management functions, alone
or in conjunction with or under contract with
one or more other political subdivisions?"

This request presents two questions:  the first is
whether a county has authority to plan, construct, operate and
maintain an area or regional waste water collection and treat-
ment system and to perform water quality management functions,
alone.  The second question is whether a county has the au-
thority to do the above stated functions in conjunction with
or under contract with one or more political subdivisions.

We will answer the initial question first.

Section 18 of Article V of the Constitution of Texas
reads, in part, as follows:

> ". . . the County Commissioners so
> chosen, with the County Judge as presiding
> officer, shall compose the County Commis-
> sioners Court, which shall exercise such
> powers and jurisdiction over all county
> business, as is conferred by this Consti-
> tution and the laws of the State, or as
> may be hereafter prescribed."

It is well settled that this constitutional provision, rather
than conferring on Commissioners Courts general authority over
county business, on the contrary limits that authority to that
conferred by the statutes or Constitution. Anderson v. Wood,
137 Tex. 201, 152 S.W.2d 1084 (1941); Attorney General's Opin-
ion No. C-722 (1966). We hold that the constitutional and stat-
utory authority in this instance exists.

Furthermore, although specific constitutional author-
ity is not required, certain counties under Article XI, Section
7 of the Texas Constitution have specific constitutional author-
ity, that is,

> "All counties and cities bordering on
> the coast of the Gulf of Mexico are hereby
> authorized . . . to levy and collect such
> tax for construction of sea walls, break-
> waters, or sanitary purposes as may now or
> may hereafter be authorized by law, and may
> create a debt for such works and issue bonds
> in evidence thereof." (Emphasis added.)

Article 2351, Vernon's Civil Statutes,* in its rele-
vant portion, reads:

> "Each Commissioners Court shall:

> "15. Said court shall have all such
> other powers and jurisdiction, and shall per-
> form all such other duties, as are now or may
> hereafter be prescribed by law."

---

\* All references to Articles are to Vernon's Civil Statutes.

Article 4418-f authorizes the Commissioners Court of any county to appropriate and expend money for and in behalf of public health and sanitation within its county.

In Attorney General's Opinion No. C-722 (1966) this office held that Article 4418-f authorizes a county, in the furtherance of public health and sanitation within the county, to use tax funds for the purpose of operating ambulance services in the county or cooperate with an incorporated city in the county in the operation of such service. This office also held that this article authorizes a county, in the furtherance of public health and sanitation, to acquire land for the purpose of disposing of garbage and refuse collected from the inhabitants of the county. Attorney General's Opinion No. O-6024 (1944). This office has further held that this article authorizes a county to expend general revenues for the purpose of establishing and maintaining a prophylatic unit, provided the Commissioners Court determines that this will be in furtherance of the public health and sanitation within the county. Attorney General's Opinion No. O-4725 (1942).

In view of the foregoing, you are hereby advised that a county under the existing law does have authority to plan, construct, operate and maintain an area or regional waste water collection and treatment system and to perform water quality management functions, within the county, alone.

We now consider your second question, namely, whether a county has authority to plan, construct, operate and maintain an area or regional waste water collection and treatment system and to perform water quality management functions, in conjunction with or under contract with one or more political subdivisions.

Article 2351, Sections 19(a), 19(b) and 19(c) authorizes Commissioners Courts to contract with the United States Government, or any agency thereof, for the acquisition of land and to own and operate such land, and further to bind the county to comply with any conditions imposed as a prerequisite to the conveyance of such land. This statute further authorizes Commissioners Courts to issue bonds, to finance the acquisition of and the improvements on said land.

Article 4434, provides as follows:

"The municipal authorities or towns and
cities, and Commissioners Courts of the counties
wherein such towns and cities are situated, may
cooperate with each other in making such improve-
ments . . . as said authorities and courts may
determine necessary to improve the public health
and to promote efficient sanitary regulations;
and . . . may provide for the construction of
said improvements and the payment therefor."

In Attorney General's Opinion No. C-772 (1966), this office held
that this provision authorizes a county to cooperate with a city
in the county in the operation of an ambulance service.

Article 969-b, as amended, reads as follows:

"Any incorporated city or town . . . shall
have . . . the power separately or jointly with
any other city . . . and other governmental en-
tity, to receive and acquire . . . any property
. . . for the following purposes, which are de-
clared to be public purposes: . . . for sewage
plants and systems; rights of way for water and
sewer lines; . . . incinerators, garbage dispos-
al plants . . . ."

A county is a legal subdivision of the State. Article XI, Sec-
tion 1, Texas Constitution.

Article 969-b, as amended, further provides as follows:

"Such city or town and such city, town,
cities, towns and counties are hereby empowered
to maintain, improve and operate the property
so acquired and all improvements thereon . . .
and shall have full and ample power to jointly
manage, control and operate such property . . .
by entering into any contracts with each other
on terms mutually agreeable."

Article 969-b continues:

"The political subdivision or subdivisions acquiring property under this Act is and are hereby expressly authorized and empowered to improve, maintain and conduct the same for the purposes hereby authorized and to make and provide thereon all necessary or fit improvements and facilities and to fix such reasonable charges . . . as the governing body or bodies . . . shall determine by mutual agreement . . . ."

Section 5 of Article 969-b provides as follows:

"The governing body of any such city or town and the Commissioners Court of any county . . . is hereby empowered to levy and collect a special tax for the purpose of improving, operating, maintaining and conducting any property"

acquired under the provisions of this Act and

"to provide all suitable structures and facilities therein."

Section 21.088 of the Texas Water Code provides as follows:

"The Board may contract with local governments, . . . to assist the Board in developing and preparing and from time to time revising water quality management plans for areas designated by the Board."

Section 21.088 continues:

"With funds provided for the purpose by legislative appropriation, the Board may make grants or interest-free loans to, or contract with, local governments . . . to pay administrative or other expenses of such entities for developing and preparing, and from time to time revising, water quality management plans for areas designated by the Board."

Section 21.355 of the Texas Water Quality Act provides as follows:

"(a)  A local government may execute cooperative agreements with the Board or other local governments.

"(1)  To provide for the performance of water quality management, inspection, and enforcement funds and to provide technical aid and educational services to any party to the agreement; and

"(2)  For the transfer of money or property from any party to the agreement to another party to the agreement for the purpose of water quality management, inspection, enforcement, technical aid and education, and the construction, ownership, purchase, maintenance and operation of disposal systems."

Section 21.003 of the Texas Water Code, provides as follows:

"(15)  'Local government' means an incorporated city, a county, a river authority, or a water district or authority acting under Article III, Section 52, or Article XVI, Section 59 of the Texas Constitution."

Article 1011m, in its relevant portions, reads as follows:

"Section 3.  (a)  Any two or more general purpose governmental units may join in the exercise, performance and cooperation of planning, powers, duties and functions, as provided by law for any or all such governmental units. When two or more such governmental units agree . . . to cooperate in regional planning, they may establish a Regional Planning Commission . . . .

"Section 1.  B  'Governmental Unit' means any county, city, town, village, authority, district or other political subdivision of the State."

See Attorney General's Opinions Nos. M-92⁂ (1971) and M-806 (1971).

For the reasons stated above, our opinion is that a county has authority to plan, construct, operate and maintain an area or regional waste water collection and treatment system and to perform water quality management functions in conjunction with or under contract with the United States Government, or any agency thereof, cities and towns within the county, other counties, Regional Planning Commissions, water districts or authorities and the Texas Water Quality Board.

## S U M M A R Y

A county has authority to plan, construct, operate and maintain an area or regional waste water collection and treatment system and to perform water quality management functions, within the county, alone, or in conjunction with or under contract with the United States Government, or any agencies thereof, cities and towns within the county, other counties, Regional Planning Commissions, water districts or authorities, and the Texas Water Quality Board.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John P. Traylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Roland Allen
John Reeves
Fisher Tyler
Bob Lattimore

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant